IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELICIA APODACA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1922 |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant The Prudential Insurance Company of America's ("Defendant") Motion to Transfer Venue (Document No. 9). After carefully considering the motion, response, reply, and applicable law, the Court concludes that the case should be transferred to the Northern District of Illinois.

I. Background

Plaintiff Felicia Apodaca ("Plaintiff"), a resident of Morris, Illinois, was employed by The Scotts Company until she allegedly became disabled in October 2009.[1] Plaintiff contends that she was a covered beneficiary under The Scotts Company Long Term Disability Plan ("the Plan"), a group disability benefits policy administered by Defendant,[2] and that Defendant wrongfully denied her disability

---

[1] Document No. 1 ¶¶ 2, 17-20.

[2] Id. ¶¶ 1, 8.

benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132.[3]

Defendant now moves to transfer venue pursuant to 28 U.S.C. Section 1404(a).[4] Defendant asks that the suit be transferred to either the District of New Jersey, where Defendant has its principal place of business and made the final decision regarding Plaintiff's appeal, or to the Northern District of Illinois, where Plaintiff lives and worked.[5] Plaintiff counters that the suit should remain in the Southern District of Texas, for the convenience of her Houston attorney.[6]

## II. Legal Standard

28 U.S.C. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Fifth Circuit has stated that the threshold question under Section 1404(a) is whether the case could have been filed in the district to which

---

[3] Id. ¶ 71.

[4] Document No. 9.

[5] Id. at 2.

[6] Document No. 16. Alternatively, Plaintiff asks the Court to transfer the case to the Northern District of Illinois. Id. at 1.

2

transfer is sought. In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). District courts then look to a "number of private and public interest factors, none of which are given dispositive weight," to determine whether a transfer serves "the convenience of parties and witnesses." Id. The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process; (3) the cost of obtaining attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Id. The public factors are: (1) administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the governing law; and (4) the avoidance of unnecessary conflict of law problems. *See* id. (citing Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 258 n. 6 (1981)). Courts should also consider the plaintiff's choice of forum. In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003).

III. Analysis

A. Venue is Proper in the District of New Jersey and the Northern District of Illinois

Venue for an ERISA action is proper (1) "in the district where the plan is administered," (2) "where the breach took place," or (3) "where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Defendant, a New Jersey corporation with its

3

headquarters in New Jersey,[7] administered the Plan from New Jersey. Plaintiff does not dispute that venue is proper in the District of New Jersey under the first prong of the ERISA venue provision.[8] Furthermore, Plaintiff does not dispute that the breach took place in Illinois, where she lives and worked,[9] making venue proper in the Northern District of Illinois under the second prong.[10]

B. <u>Convenience Factors</u>

The cost of transporting witnesses and the availability of compulsory process weigh strongly in favor of transfer. Plaintiff and her treating physicians are located in Illinois.[11] Defendant's potential witnesses are located in New Jersey.[12] Plaintiff does not identify any potential witness located in the Southern District of Texas. Because all potential witnesses reside outside of Texas,

---

[7] Document No. 16 at 3.

[8] *See* Document No. 16.

[9] *See* <u>id.</u>; Document No. 1 ¶ 2.

[10] *See* Document No. 16. Plaintiff devotes much of her Response to arguing that venue is proper in the Southern District of Texas under the third prong of the ERISA venue provision. Document No. 16 at 1-4. Defendant does not dispute that venue is proper in this district. *See* Document No. 19 at 1. Instead, Defendant contends that venue is also proper in the District of New Jersey and the Northern District of Illinois, and that the case should be transferred to one of those districts for the convenience of the parties.

[11] Document No. 9, ex. 2.

[12] Document No. 9 at 6.

4

their appearances for trial in Houston would be inconvenient and expensive. Moreover, unwilling witnesses from New Jersey and Illinois are beyond the subpoena power of this Court sitting in Houston, Texas. *See* FED. R. CIV. P. 45(c)(3)(A)(ii).

Plaintiff argues that the Court should not consider the locations of witnesses because this is an ERISA case and is likely to be decided on the administrative record. *See* Document No. 16 at 5. However, Plaintiff alleges in her Complaint that at "all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets," that Defendant's "determination was influenced by its conflict of interest," and that Defendant "failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations." Plaintiff therefore asks the Court to review Defendant's denial of benefits "under a *de novo* standard of review." Given these allegations--which portend the need for witnesses on matters beyond the scope of the administrative record--it is especially appropriate to consider the location of witnesses, all of whom reside either in New Jersey or Illinois, and none of whom resides in the Southern District of Texas.

Access to documents and records also favors transfer. Plaintiff's corporate documents are kept and maintained in its New

Jersey headquarters.[13] Given that Plaintiff is a citizen of Illinois, any records she possesses that are sources of proof are most likely easily accessed in Illinois.

Plaintiff urges the Court to retain the case because her attorney, Marc S. Whitehead, resides in this district.[14] However, "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *See* Horseshoe, 337 F.3d at 434. Besides, the Court takes judicial notice of a website evidently maintained by Mr. Whitehead, www.disabilitydenials.com, which advertises that Mark Whitehead & Associates is a "national law firm" that "helps people nationwide get the disability benefits they are entitled to receive," and that it assists clients "[n]o matter where [they] live." *Id.* In light of these representations, one might consider it disingenuous for Plaintiff's counsel to argue that Plaintiff's case be lodged in the Southern District of Texas, so distant from her residence in Morris, Illinois, simply to serve the convenience of her Houston attorney.

The public interest factors also support transfer. Federal law applies to Plaintiff's claim, so the proposed transferee courts are familiar with the governing law. Furthermore, the Southern District of Texas has no local interest in deciding this case, as

---

[13] Document No. 9 at 6.

[14] *See* Document No. 16 at 6.

the Plan was administered in New Jersey and allegedly breached either in New Jersey or Illinois, and no facts giving rise to Plaintiff's claim occurred in Texas. Given that this case involves an Illinois citizen who suffered injury in Illinois, on balance the Northern District of Illinois appears to have the greatest interest in this matter. See <u>Sanders v. State Street Bank and Trust Co.</u>, 813 F. Supp. 529, 536 (S.D. Tex. 1993) (Kent, J.) ("[T]he Court cannot escape the conclusion that the court with the greatest nexus to this case is the one closest to the place where the Plaintiffs were injured, not the place where the savings plan was administered.").

In sum, the relevant factors and circumstances weigh in favor of this case being transferred to the Northern District of Illinois for the convenience of the parties and witnesses, and in the interest of justice.

### III. Order

It is therefore

ORDERED that Defendant The Prudential Insurance Company of America's Motion to Transfer Venue (Document No. 9) is GRANTED and, pursuant to 28 U.S.C. Section 1404(a), this case is TRANSFERRED to the United States District Court for the Northern District of Illinois.

The Clerk will mail a copy of this Order of Transfer to the Clerk of the United States District Court for the Northern District

of Illinois, Eastern Division, in Chicago, Illinois, and shall notify all parties and provide them with a true copy of this Order.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 7TH day of October, 2013.

                                    _____
                                    EWING WERLEIN, JR.
                                    UNITED STATES DISTRICT JUDGE